```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT
```

United States of America     :
                             :
    v.                       :        File No. 2:04-CR-95
                             :
Sidney A. Johnson            :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 28)

Defendant Sidney A. Johnson, a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Paper 28).  Johnson reports that upon release from his current facility, he is scheduled to move to a halfway house.  He contends that a halfway house will not be a good fit for him, and that he would rehabilitate more successfully in home confinement.  Accordingly, his motion asks the Court to modify his sentence through "a substitution of home confinement for a halfway house."  (Paper 28-2 at 1).  Johnson also asks for a travel furlough so that he may attend a conference in California.  In an attachment to his motion, Johnson explains that "I am not asking for a reduction in my incarceration sentence."  <u>Id.</u>

Johnson filed his § 2255 motion on March 10, 2006.  On July 17, 2006, the Court received a motion from his

attorney entitled "Motion to Alter or Modify Sentence." (Paper 32).  In this motion, Johnson again asked that

> his sentence be altered or modified to allow him to complete the last six weeks of his imprisonment (from August 14, 2006 to September 26, 2006) in home confinement, instead of in a half-way house.  This is not a request to reduce the length of his sentence but to alter or modify its terms given Defendant's pressing medical needs.

Id. at 2 (parenthetical in original).  On July 19, 2006, Judge Sessions denied the Motion to Alter or Modify Sentence, ruling that "[a]bsent a motion from the Bureau of Prisons or any showing of expressed statutory authority, the Court is not permitted to modify a sentence."  Although this latter motion did not include Johnson's request for a travel furlough, Judge Sessions' ruling would apply to that modification as well.  Consequently, in light of Judge Sessions' prior ruling, I recommend that Johnson's § 2255 motion (Paper 28) be deemed moot and be DENIED without prejudice.

    Dated at Burlington, in the District of Vermont, this 9th day of August, 2006.

                               /S/ Jerome J. Niedermeier

                               Jerome J. Niedermeier
                               United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).